**DENNIS STEINMAN**, OSB No. 954250
dsteinman@kelrun.com
**ZACHARY B. WALKER**, OSB No. 115461
zwalker@kelrun.com
**SCOTT J. ALDWORTH**, OSB No. 113123
saldworth@kelrun.com
Kell, Alterman & Runstein, L.L.P.
520 S.W. Yamhill, Suite 600
Portland, OR  97204
Telephone: 503/222-3531
Fax: 503/227-2980
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| A.V., a minor, by and through Anna McFaul and Benjamin Vidic, as guardians of A.V.; ANNA MCFAUL, individually; and BENJAMIN VIDIC, individually, | **CV. 3:18-CV-00343-BR** |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| v. | (Title II of the ADA, Section 504 of the Rehabilitation Act of 1973, ORS 659A.142, Negligence) |
| BEAVERTON SCHOOL DISTRICT, an Oregon school district, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiffs allege:

### I.   JURISDICTION AND VENUE

1.   This is an action for violations of the Americans with Disabilities Act—Title II (ADA), 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act of 1973 (Rehabilitation Act),

Page 1 – FIRST AMENDED COMPLAINT

**KELL, ALTERMAN & RUNSTEIN, L.L.P.**
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00609567

29 U.S.C. § 794, ORS 659A.142, and negligence. This Court has jurisdiction over Plaintiffs' federal ADA and Rehabilitation Act claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of operative facts.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events giving rise to the claims alleged herein took place in the District of Oregon.

## II.   PARTIES

3. Plaintiff A.V. ("A.V.") is a five-year-old minor child, date of birth July 29, 2012. Plaintiffs Anna McFaul ("Ms. McFaul") and Benjamin Vidic ("Mr. Vidic") are A.V.'s biological parents. Plaintiffs are residents of the State of Oregon.

4. Defendant Beaverton School District (hereinafter "Defendant") is a public school district in the State of Oregon that operates, among other schools, McKinley Elementary School ("McKinley"). Defendant receives federal financial assistance for its programs and activities. Defendant is a public entity, as that term is defined in 42 U.S.C. § 12131(1), and a place of public accommodation, as that term is used in ORS 659A.142(4).

## III.   GENERAL ALLEGATIONS

5. In 2013, A.V. was diagnosed with a severe allergy to nut and egg products. A.V.'s physical impairment affects major life activities that include, but are not limited to, A.V.'s ability to eat and breathe. Ameliorative medications are required to control the symptoms and effects of A.V.'s physical impairment. At all material times mentioned herein, exposure to nut or egg products caused severe anaphylaxis and associated medical conditions including dyspnea, cyanosis, and urticaria. With each exposure to peanuts, A.V.'s anaphylaxis reaction

Page 2 – FIRST AMENDED COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00609567

worsens. A.V. is a qualified individual with a disability as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(20), and ORS 659A.104.

6. At all material times, Plaintiffs lived within Defendant's district boundary. In the Spring of 2017, Ms. McFaul and Mr. Vidic enrolled A.V. with Defendant. A.V. was to start her kindergarten year at McKinley in September 2017.

7. On or about May 25, 2017, Ms. McFaul and Mr. Vidic contacted the nurse for McKinley, Christy Middleton ("Nurse Middleton"), in order to obtain and complete a Health Management Plan form. On the form, they described A.V.'s disability, the causes and symptoms of exposure, and the treatment required if A.V. was exposed to nuts or egg products. The Health Management Plan listed Benadryl and an EpiPen as rescue medications and further indicated that each instance of exposure results in more severe and life-threatening anaphylaxis.

8. On or about June 19, 2017, Defendant provided Ms. McFaul and Mr. Vidic with a finalized "Anaphylaxis: all nuts and eggs Health Management Plan" ("Health Management Plan"). The Health Management Plan not only described all accommodations required for A.V.'s disability, but also provided for a progressive response if A.V. was exposed to nuts or egg products, which provided, in part, as follows: "(1) If exposure is suspected, or mild localized symptoms are present, give parent-provided antihistamine, if available. Observe closely for 30 minutes; (2) **For any increase in the severity of symptoms, Epinephrine should be given. It is safer to give than to delay treatment**; (3) **CALL 911**. Do not move or leave the student unattended." The Health Management Plan further provided for additional steps if A.V.'s anaphylaxis symptoms were not alleviated by the above-mentioned steps, including instructions to check A.V.'s airway, to begin CPR, and to provide a second dose of epinephrine. The Health Management Plan was kept on file with Defendant.

Page 3 – FIRST AMENDED COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00609567

9. As of June 19, 2017, at the latest, Defendant had actual knowledge of A.V.'s disability, the required accommodations, and the fact that, without these accommodations, A.V. would not be able to participate in or benefit from Defendant's services, programs or activities.

10. As of June 19, 2017, at the latest, Defendant had actual knowledge of the foreseeable risk of danger to A.V. from certain types of food as well as the foreseeable risk of danger if Defendant deviated from A.V.'s Health Management Plan.

11. In August 2017, Ms. McFaul provided McKinley with A.V.'s rescue medications, which included Benadryl and EpiPens.

12. Prior to the commencement of the 2017 school year, Ms. McFaul requested Defendant accommodate A.V.'s disability by placing A.V. in the kindergarten class of Ms. May. Ms. May was familiar with A.V., her disability, and recognizing anaphylaxis symptoms because A.V. had previously attended daycare with her daughter. Defendant denied this request and did not engage in the interactive process with Plaintiffs to determine if an alternative reasonable accommodation could be provided. Instead, A.V. was placed in the kindergarten class of Mrs. Baldridge.

13. McKinley has a policy of monitoring student allergies whereby it provides students with a student identification number that is entered into a computer system prior to the provision of food during meal periods. This policy alerts cafeteria staff of the student's food allergies prior to the meal being served to the student.

14. On September 11, 2017— A.V.'s fourth day of kindergarten—McKinley's cafeteria served A.V. an Ultimate Breakfast Round (a breakfast bar/cookie) that contained both eggs and nuts. A.V. immediately broke out in hives. Benadryl was administered and Ms. McFaul and Mr. Vidic were informed. Mr. Vidic came to the school to monitor A.V.'s

Page 4 – FIRST AMENDED COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00609567

condition and she fully recovered by the end of the day. McKinley assured Ms. McFaul and Mr. Vidic that this was an isolated incident and that such exposure would not happen again.

15. Four school days later, on September 18, 2017, McKinley's cafeteria served A.V. a peanut butter and jelly sandwich. A.V. had told the cafeteria staff she could not have peanuts prior to being served the sandwich, but she was told the sandwich contained only sunflower seed butter. Based on that assurance, A.V. ate the meal and went to her kindergarten class. The sandwich was, in fact, made with peanut butter.

16. Upon arriving in class, Mrs. Baldridge noticed that A.V. was not well and sent A.V. to the school's health room because of a suspected fever. In fact, A.V. was having a severe allergic reaction to the peanut butter she had consumed.

17. When A.V. arrived at the health room, she was again wrongly suspected as having a fever. A.V. began exhibiting signs of anaphylaxis, including shortness of breath, change in skin tone, and onset of urticaria.

18. McKinley failed to monitor A.V. and, instead, left her in the health room by herself.

19. At approximately 9:30 a.m., McKinley called Ms. McFaul and left a voicemail indicating that A.V. had a fever and needed to be picked up. McKinley then called Mr. Vidic and told him the same thing. Mr. Vidic said that he would pick A.V. up from school, but that he took public transportation to his job in downtown Portland and that it would take approximately one hour for him to arrive.

20. At approximately 10:00 a.m., Ms. McFaul contacted McKinley and was told that A.V. was given Benadryl for her fever. McKinley also reprimanded Ms. McFaul for allowing A.V. to come to school when she was sick. Ms. McFaul asked to speak to A.V., but the call was disconnected. Ms. McFaul attempted to contact McKinley multiple times thereafter, but each of her calls went unanswered.

Page 5 – FIRST AMENDED COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00609567

21. At no time in the phone calls to A.V.'s parents on September 18, 2017, did McKinley inform Ms. McFaul or Mr. Vidic that A.V. may have been suffering from a severe allergic reaction.

22. Mr. Vidic arrived at McKinley to pick up A.V. at approximately 10:30 a.m. Mr. Vidic found A.V. alone and unsupervised in a room down the hall from the front office. A.V.'s responsiveness was slow, her mouth was blue, her breathing was labored, and she was covered in hives. Mr. Vidic quickly recognized A.V. was having a strong allergic reaction and was in anaphylactic shock. Mr. Vidic picked up A.V., as she was unable to walk, and rushed her to his vehicle. Mr. Vidic immediately took A.V. to the emergency room at Providence St. Vincent Hospital.

23. Upon arriving at the emergency room at Providence St. Vincent Hospital, physicians quickly determined A.V. was in a state of anaphylaxis and further determined that she was at risk of organ failure. A.V. was admitted to the intensive care unit where it took approximately 24 hours for medical staff to stabilize her condition. As a result of the multiple allergic exposures, A.V. suffered injury to her person, which may be permanent in nature.

24. On September 25, 2017, at the request of Ms. McFaul and Mr. Vidic, a meeting was held with Defendant. In attendance were Ms. McFaul; Mr. Vidic; Donald Grotting, Defendant's Superintendent; Annie Pleau, McKinley's Principal; Mike Vetter, Defendant's Nutrition Services Administrator; Nicole Will, Defendant's Executive Administrator for K-8 Schools; and Nurse Middleton. Defendant admitted that A.V.'s Health Management Plan was not followed. Defendant further admitted that McKinley had a practice or custom of not using the cafeteria computer system that would alert cafeteria staff to student allergies when students are purchasing meals. Defendant admitted that, in order to avoid delay and to shuffle students through the cafeteria line quickly, its cafeteria staff simply wrote down on paper information about the meals purchased by students and did not enter it into the computer system until later.

Page 6 – FIRST AMENDED COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00609567

Despite these admissions, Defendant refused to modify any policies, practices, or customs so that A.V.'s Health Management Plan could be properly followed and refused to engage in the interactive process to determine if alternative accommodations could be made. Instead, Nurse Middleton placed blame on A.V. (a five-year-old) by asserting that she "could not believe [A.V.] ate something she knew she was allergic to."

25. Because Defendant refused to reasonably accommodate A.V.'s disability or take any action to curtail the risk of future foreseeable harm to A.V., Ms. McFaul and Mr. Vidic were forced to withdraw A.V. from McKinley and enroll her in a different school.

## FIRST CLAIM FOR RELIEF AGAINST

### (Americans with Disabilities Act—Title II: 42 U.S.C. § 12131 *et seq*.)

### (Plaintiff A.V. Against Defendant)

26. A.V. realleges paragraphs 1 through 25 as though fully set forth herein.

27. Defendant violated 42 U.S.C. § 12132 and its accompanying regulations in one or more the following ways:

  a. By failing to reasonably accommodate A.V. by following her Health Management Plan, including failing to ensure that A.V. was not served known allergens, failing to give A.V. Epinephrine after she was exposed to known allergens, failing to call 911 when A.V.'s symptoms persisted, failing to immediately notify her parents after she was exposed to known allergens, and failing to ensure that A.V. was not left unattended after she was exposed to known allergens;

  b. By failing to reasonably accommodate A.V.'s disability by placing her in Ms. May's kindergarten classroom and refusing to engage in the interactive process to determine if an alternative reasonable accommodation could be made;

/ / /

/ / /

Page 7 – FIRST AMENDED COMPLAINT

**KELL, ALTERMAN & RUNSTEIN, L.L.P.**
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00609567

  c. By failing to modify existing policies, practices or customs regarding the monitoring of student allergies during meal times and refusing to engage in the interactive process to determine if an alternative reasonable accommodation could be made; and

  d. By denying A.V. the benefits of its services, programs, and activities on account of her disability.

 28. Defendant's actions were taken with deliberate indifference to the rights of A.V.

 29. As a direct and proximate result of Defendant's conduct, A.V. was denied full and equal accommodations, advantages, and privileges of Defendant. A.V. further suffered physical injury, emotional distress, fear, and anxiety. A.V. is entitled to economic and noneconomic compensatory damages in an amount to be proven at trial.

 30. Pursuant to 42 U.S.C. §§ 1988 and 2000e-5, A.V. is entitled to an award of attorney's fees, costs and disbursements.

**SECOND CLAIM FOR RELIEF AGAINST**

**(Section 504 of the Rehabilitation Act of 1973)**

**(Plaintiff A.V. Against Defendant)**

 31. A.V. realleges paragraphs 1 through 25 as though fully set forth herein.

 32. A.V. was otherwise qualified to receive the benefit of the services made available to students of Defendant.

 33. Defendant violated 29 U.S.C. § 794 and its accompanying regulations in one or more the following ways:

  a. By failing to reasonably accommodate A.V. by following her Health Management Plan, including failing to ensure that A.V. was not served known allergens, failing to give A.V. Epinephrine after she was exposed to known allergens, failing to call 911 when A.V.'s symptoms persisted, failing to immediately notify her parents after she was exposed to

Page 8 – FIRST AMENDED COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00609567

known allergens, and failing to ensure that A.V. was not left unattended after she was exposed to known allergens;

      b.     By failing to reasonably accommodate A.V.'s disability by placing her in Ms. May's kindergarten classroom and refusing to engage in the interactive process to determine if an alternative reasonable accommodation could be made;

      c.     By failing to modify existing policies, practices or customs regarding the monitoring of student allergies during meal times and refusing to engage in the interactive process to determine if an alternative reasonable accommodation could be made; and

      d.     By denying A.V. the benefits of its services, programs, and activities on account of her disability.

34.    Defendant's actions were taken with deliberate indifference to the rights of A.V.

35.    As a direct and proximate result of Defendant's conduct, A.V. was denied full and equal accommodations, advantages, and privileges of Defendant. A.V. further suffered physical injury, emotional distress, fear, and anxiety. A.V. is entitled to economic and noneconomic compensatory damages in an amount to be proven at trial.

36.    Pursuant to 29 U.S.C. § 794a, A.V. is entitled to an award of attorney fees, costs and disbursements.

## THIRD CLAIM FOR RELIEF

### (Disability Discrimination—ORS 659A.142)

37.    Plaintiffs reallege paragraphs 1 through 25 as though fully set forth herein.

38.    Plaintiffs are "aggrieved" persons as that term is used in ORS 659A.885(1).

39.    At all material times, Defendant was aware of A.V.'s disabilities.

40.    Defendant has injured Plaintiffs in violation of ORS 659A.142(4) and its accompanying regulations by committing the following discriminatory acts or practices:

/ / /

Page 9 – FIRST AMENDED COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00609567

      a.    By failing to reasonably accommodate A.V. by following her Health Management Plan, including failing to ensure that A.V. was not served known allergens, failing to give A.V. Epinephrine after she was exposed to known allergens, failing to call 911 when A.V.'s symptoms persisted, failing to immediately notify her parents after she was exposed to known allergens, and failing to ensure that A.V. was not left unattended after she was exposed to known allergens;

      b.    By failing to reasonably accommodate A.V.'s disability by placing her in Ms. May's kindergarten classroom and refusing to engage in the interactive process to determine if an alternative reasonable accommodation could be made;

      c.    By failing to modify existing policies, practices or customs regarding the monitoring of student allergies during meal times and refusing to engage in the interactive process to determine if an alternative reasonable accommodation could be made; and

      d.    By denying A.V. the benefits of its services, programs, and activities on account of her disability.

41.    As a direct and proximate result of Defendant's actions, A.V. was denied full and equal accommodations, advantages, and privileges of Defendant. A.V. further suffered physical injury, emotional distress, fear, and anxiety. A.V. is entitled to compensatory economic and noneconomic damages in an amount to be determined at trial.

42.    As a direct and proximate result of Defendant's conduct, Ms. McFaul and Mr. Vidic have incurred economic damages in the form of ongoing medical bills and costs associated with A.V.'s enrollment in a different school, as well as emotional distress, mental anguish, fear, and anxiety. Ms. McFaul and Mr. Vidic are entitled to economic and noneconomic compensatory damages in an amount to be proven at trial.

43.    Plaintiffs are entitled to an award of attorney fees, costs and disbursements pursuant to ORS 659A.885(1) and ORS 20.107.

Page 10 – FIRST AMENDED COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00609567

## FOURTH CLAIM FOR RELIEF

### (Negligence)

### (Plaintiff A.V. Against Defendant)

44. A.V. realleges paragraphs 1 through 25 as though fully set forth herein.

45. At all material times, Defendant had a duty to care for A.V.'s health, safety and welfare during school hours and to protect A.V. from foreseeable risks of harm.

46. A.V.'s injuries were caused by the negligence of Defendant in one or more of the following ways:

a. By failing to follow A.V.'s Health Management Plan, including failing to ensure that A.V. was not served known allergens, failing to give A.V. Epinephrine after she was exposed to known allergens, failing to call 911 when A.V.'s symptoms persisted, failing to immediately notify her parents after she was exposed to known allergens, and failing to ensure that A.V. was not left unattended after she was exposed to known allergens;

b. By failing to follow its own policies regarding the monitoring of student allergies during meal times;

c. By failing to curtail the practice or custom of not utilizing the cafeteria computer system that monitors student allergies during meal times;

d. By failing to recognize the objective symptoms of anaphylaxis, including shortness of breath, blue skin discoloration, and urticaria; and

e. By failing to appropriately supervise A.V. on September 18, 2017, after receiving actual or constructive knowledge that A.V. consumed peanut butter.

47. As a direct and proximate result of Defendant's negligence, A.V. sustained injuries that include, but are not limited to multiple episodes of urticaria, multiple episodes of severe anaphylaxis, respiratory failure, temporary deterioration of her internal organs; and the worsening of her prior infirmed allergic medical condition to peanuts. All or part of A.V.'s

Page 11 – FIRST AMENDED COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00609567

injuries may be permanent in nature. A.V. has sought reasonable and necessary medical care and incurred medical expenses in an amount to be proven at trial. A.V. will require future medical care in an amount to be proven at trial.

48. As a further result of Defendant's negligence, A.V. has suffered and continues to suffer physical pain, diminished quality of life, emotional distress, fear, and anxiety. A.V. is entitled to an award of noneconomic damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant and requests the Court to grant relief as follows:

a. A jury trial to determine the factual questions raised herein;

b. That the Court assume jurisdiction over Plaintiffs' claims;

c. That the Court enter an order that declares the discriminatory practices, policies and/or conduct of Defendant violates Title II of the Americans With Disabilities Act, 42 U.S.C. § 12132 *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and ORS 659A.142;

d. On Plaintiff A.V.'s First Claim for Relief, an award of economic and noneconomic damages in an amount to be determined at trial, and an award of attorney fees, costs and disbursements, pursuant to 42 U.S.C. §§ 1988 and 2000e-5;

e. On Plaintiff A.V.'s Second Claim for Relief, economic and noneconomic damages in an amount to be determined at trial, plus attorney fees, costs and disbursements, pursuant to 29 U.S.C. § 794a;

f. On Plaintiffs' Third Claim for Relief, economic and noneconomic damages in an amount to be determined at trial, plus attorney fees, costs and disbursements, pursuant to ORS 659A.885(1) and ORS 20.107;

/ / /

/ / /

Page 12 – FIRST AMENDED COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00609567

g.  On Plaintiff A.V.'s Fourth Claim for Relief, economic damages for incurred reasonable and necessary medical treatment, economic damages for future medical treatment, and noneconomic damages, all of which in an amount to be determined at trial.

h.  Plaintiffs pray that the Court enter an Order that:

i.  Requires Defendant to institute a program instructing all employees on the proper and legal obligations to individuals with disabilities;

ii.  Requires Defendant to institute a program instructing all employees on the proper procedure to identify and respond to an anaphylactic allergic reaction;

iii.  Requires Defendant to develop and implement written materials for parents of disabled children enrolled within the Beaverton School District, which will be provided to them at the time of their child's enrollment, providing disabled students notice of their rights pursuant to, and of the availability of accommodations under, Title II of the ADA, Section 504 of the Rehabilitation Act, and ORS 659A.142;

iv.  Requires Defendant to institute a program to identify students with disabilities, evaluate their needs and adequately accommodate them; and

v.  Requires Defendant to institute a program to supervise students with known food allergies during meal periods, identify food with known allergens and ensure that students with food allergies are not served food containing their known allergens.

/ / /

/ / /

/ / /

Page 13 – FIRST AMENDED COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00609567

i. All such other relief as the Court deems just.

DATED this 28th day of February, 2018.

                    KELL, ALTERMAN & RUNSTEIN, L.L.P.

                    s/Dennis Steinman
                    **DENNIS STEINMAN**, OSB No. 954250
                    **ZACHARY B. WALKER,** OSB NO. 115461
                    **SCOTT J. ALDWORTH,** OSB 113123
                    503/222-3531
                    **Attorneys for Plaintiffs**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00609567