## SETTLEMENT AGREEMENT AND RELEASE

### PARTIES

The parties to this Settlement Agreement and Release (the "Agreement") are Anna McFaul and Benjamin Vidic ("Parents"), individually and on behalf of A▓▓▓ V▓▓ ("Student") (collectively, Parents and Student are "Plaintiffs"), on one hand, and Beaverton School District No. 48J (the "District"), on the other hand (each individually a "Party" or, collectively, the "Parties").

### RECITALS

1. On February 28, 2018, a lawsuit was filed against District in United States District Court for the District of Oregon (*A.V., et al. v. Beaverton School District*, Case No. 3:18-cv-00343-YY) (the "Action"), alleging claims against the District.

2. The District has disputed and continues to dispute the claims asserted in the Action.

3. The Parties to this Agreement have agreed that it is in their mutual interests to avoid litigation and to fully and forever settle and compromise all disputes between them and to resolve any and all claims or potential claims between them through this Agreement.

4. Consideration for this Agreement is the terms, conditions, and promises described herein.

### THE PARTIES THEREFORE AGREE AS FOLLOWS:

**A.  Payment.**

(a) Within 30 days after this Agreement is fully executed by the Parties, the District will issue payment of $71,700.00 to the Parties representing a compromise of all disputes between the Parties. The District shall make payment to Kell, Alterman & Runstein, LLP, Client Trust Account and delivering the check to the offices of Kell, Alterman & Runstein, LLP, 520 S.W. Yamhill, Suite 600, Portland, Oregon 97204. EIN ▓▓▓2920. The District will issue a separate payment of $47,800.00 representing claims for attorneys fees, which will be payable to Kell, Alterman, & Runstein, LLP.

(b) Plaintiffs expressly acknowledge that neither the District nor its attorneys warrant or represent the taxability or nontaxability of the sums paid to Plaintiffs under Section A of this Agreement. The payment and any and all taxes that may be imposed is solely the

responsibility of Plaintiffs. The payment in Section A represents the total payment to be made by Defendants. The Parties agree to bear their own costs and attorney fees.

### B. District Commitments.

The District agrees:

(a) The District's teachers will receive a communication about severe allergic reactions. The District represents its in-building head school secretary/office assistant and secretary 2/office assistant 2 (where applicable) are trained in the use of an EpiPen and recognizing symptoms for administration of an EpiPen. As used in this paragraph, "communication" means the information will be disseminated through all of the following methods at least once: (i) an administrative communication to all staff; (ii) a communication to all of the District's principals; and (iii) safety news letter to all staff. (b) Each school within the District that has cafeteria services will have a lead cafeteria worker who is trained in severe allergies (including peanuts), and the symptoms, treatment, and emergency response (including as indicated in health plans), and the District will train Nutrition Services staff on these topics.

(c) The District will include a link on the District's website for students with food allergies that contains information on how to request accommodations for allergies.

### C. Release of All Claims.

Parents, individually and on behalf of Student and Parents' and Student's predecessors, successors, heirs, executors, assigns, and agents, fully and forever release and discharge the District and its past, present, and future board members, officers, employees, agents, representatives, insurers, attorneys, advisors, volunteers, and affiliates from any and all claims, rights, demands, actions, liabilities, liens, and causes of action of every kind and character, known or unknown, matured or unmatured, including but not limited to claims for attorney fees and costs, which Parents and/or Student may now have or have ever had, whether based on tort, contract (express or implied), quasi-contract, or any federal, state, or local statute, regulation, ordinance, or other law, based in whole or in part on any act or omission prior to the date of full execution of this Agreement, including but not limited to the claims alleged or that could have been alleged in the Action, through the date of this Agreement.

### D. Dismissal of Action, Related Acts, and Satisfaction of Liens.

Within five (5) business days of the date of full execution of this Agreement, Parents, on behalf of the Parties, will file a voluntary dismissal of the Action, which will be filed with prejudice and without any fees or costs awarded to any Party. Parents, on behalf of Student, agree that they are responsible for the satisfaction of all liens, demands or claims that any person, firm or entity may have to the settlement proceeds paid under this Agreement. Parents, on behalf of Student, understand and agree that all persons and entities, including but not limited to,

beneficiaries, heirs, attorneys, doctors, nurse practitioners, medical providers, hospitals, Medicare and/or Medicaid, and insurance companies who may have subrogated interests and/or liens upon any of the money paid under this Agreement will be paid or otherwise satisfied from the amount paid under this Agreement and not in addition thereto. Parents, on behalf of Student, agree to save, defend, hold harmless and indemnify the District from, for and against all such claims, demands, or actions.

E. **Right to Settle on Behalf of Student.**

Parents represent and warrant that they have complied with all applicable legal requirements for entering into this Agreement on behalf of Student and that they are authorized to execute and agree to the terms of this Agreement, including releasing and waiving all claims described herein, on behalf of Student.

F. **No Liability or Wrongdoing.**

The Parties agree that neither this Agreement, nor any of its provisions, terms, or conditions, constitutes an admission of liability or wrongdoing or may be used in any proceeding of any kind, except for the purposes of enforcement of the Agreement.

G. **Voluntary Agreement.**

The Parties acknowledge that this Agreement has been executed voluntarily. Each of the Parties and their counsel have reviewed, revised, and negotiated or had the opportunity to negotiation the terms, conditions, and language of this Agreement. The rule of construction that ambiguities are to be resolved against the drafting party will not be applied in interpreting this Agreement.

H. **Construction of Agreement.**

Each Party and their counsel have reviewed, revised, and negotiated or had the opportunity to negotiate the terms, conditions, and language of this Agreement. The rule of construction that ambiguities are to be resolved against the drafting Party will not be applied in interpreting this Agreement. If any provision of this Agreement is found to be illegal or legally unenforceable, that provision will be enforced to the maximum extent allowed by law and the remaining provisions of this Agreement will continue in full force and effect.

I. **Governing Law.**

This Agreement will be governed by the laws of the state of Oregon, without regard to principles of choice of law.

J.  **Counterparts.**

This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original. All counterparts will constitute one agreement, binding on all Parties.

K.  **Entire Agreement.**

This Agreement constitutes the entire agreement of the Parties. All the agreements, covenants, representations, and warranties, expressed or implied, oral or written, concerning the subject matter of this Agreement are contained in this Agreement. This is the entire integrated agreement. Any modification of this Agreement must be in writing and signed by each Party or a duly authorized officer or agent of such Party.

L.  **External Communication.**

Except for information that at any time is in the public record, Parents agree not to initiate any communication with any third party, other than their attorneys, financial advisors, or health care providers, about the terms and the underlying negotiations of this Agreement. Nothing in this paragraph precludes Parent or Parents from participating in public comment of District board meetings on the same conditions as any other person so long as Parents, individually and collectively, abide by the restrictions in this Section L. Nothing in Section L precludes parents from providing any information, including information restricted in this paragraph, in writing to the District's Board or its members.

M.  **Severability.**

All provision of this Agreement are severable. If any provision is determined to be invalid or unenforceable for any reason, that provision will be enforced to the maximum extent allowed by law, and the remaining provisions of this Agreement will be unaffected thereby and will remain in full force and effect to the fullest extent permitted by law.

N.  **Other Documents.**

The Parties will execute all other documents and take all other actions reasonably necessary to further the purposes of this Agreement.

O.  **Miscellaneous.**

The Parties acknowledge that the only consideration for this Agreement is the consideration expressly described herein, that each Party fully understands the meaning and intent of this Agreement, and that this Agreement has been executed voluntarily and only after having been first reviewed and approved by the Parties' respective attorneys. It is the intent of the Parties that the Agreement shall be complete and shall not be subject to any claim of mistake.

Page 4 of 4 – Settlement Agreement and Release

4846-6033-6812.1

of fact or law, by any Party. The Parties specifically acknowledge that this Agreement is entered into without regard to who may or may not be correct in any understanding of the facts or law relating to this dispute. The Parties further acknowledge that the terms of this Agreement are contractual.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement, to be effective upon signing.

FOR PLAINTIFFS:

Dated: 11/13/19

_____
Anna McFaul
Parent, individually and on behalf of Student

Dated: 11/13/2019

_____
Benjamin Vidic
Parent, individually and on behalf of Student

FOR THE DISTRICT:

Dated: 11/20/19

_____
Camellia Osterink
General Counsel

Page 5 of 4 – Settlement Agreement and Release

4846-6033-6812.1